IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | |
|---|---|
| GOLDEN GATE COMMUNICATIONS, LLC, § § § | |
| Plaintiff, § § | |
| v. § § § | CIVIL ACTION NO. 3:22-cv-02767-X |
| ALLIOS, INC., § § | |
| Defendant. | |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allios, Inc. ("Defendant"), Defendant in the above-styled and numbered cause, and files this its Original Answer to Golden Gate Communications, LLC's ("Plaintiff") Complaint (the "Complaint") (Doc. 1), and would respectfully show the following:

### I.
### NATURE OF THE ACTION

1. Defendant responds that the pleadings speak for themselves and thus are the best evidence for the information contained therein relative to the allegations in paragraph 1 of the Complaint. Defendant denies the allegations set forth in paragraph 1 of the Complaint, if any.

2. Defendant lacks information to admit or deny some of the allegations contained in paragraph 2 of the Complaint, therefore the allegations are denied.

3. Defendant admits that it is involved in the telecommunications industry but denies paragraph 3 of the Complaint as written.

4. The documents referred to in paragraph 4 are the best evidence of their contents. Defendant denies all allegations which vary from the terms of the referenced documents, and denies the remaining allegations contained in paragraph 4.

5. The documents referred to in paragraph 5 are the best evidence of their contents. Defendant denies all allegations which vary from the terms of the referenced documents, and denies the remaining allegations contained in paragraph 5.

6. Defendant lacks information to admit or deny some of the allegations contained in paragraph 6 of the Complaint, therefore the allegations are denied.

## II.
## THE PARTIES

7. Defendant lacks information to admit or deny some of the allegations contained in paragraph 7 of the Complaint, therefore the allegations are denied.

8. Defendant denies the allegations in paragraph 8 of the Complaint, but responds that Defendant has appeared and is more properly before the Eastern District of Texas, as ordered by the Court.

## III.
## JURISDICTION AND VENUE

9. Defendant lacks information to admit or deny some of the allegations contained in paragraph 9 of the Complaint, but responds that Defendant has appeared and is properly before the Eastern District of Texas, as ordered by the Court.

10. Defendant denies the allegations in paragraph 10 of the Complaint, but responds that Defendant has appeared and is more properly before the Eastern District of Texas, as ordered by the Court.

11.     Defendant denies the allegations in paragraph 11 of the Complaint, but responds that Defendant has appeared and is more properly before the Eastern District of Texas, as ordered by the Court.

## IV.
## FACTUAL BACKGROUND

A. Golden Gate Agreed to supply goods to Allios, and Allios agreed to exchange to pay Golden Gate's Invoices.

12.     Defendant lacks information to admit or deny some of the allegations contained in paragraph 12 of the Complaint, therefore the allegations are denied.

13.     Defendant admits that it is involved in the telecommunications industry but denies paragraph 13 of the Complaint, as written.

14.     The documents referred to in paragraph 14 are the best evidence of their contents. Defendant denies all allegations which vary from the terms of the referenced documents, and denies the remaining allegations contained in paragraph 14.

15.     The documents referred to in paragraph 15 are the best evidence of their contents. Defendant denies all allegations which vary from the terms of the referenced documents, and denies the remaining allegations contained in paragraph 15.

16.     The documents referred to in paragraph 16 are the best evidence of their contents. Defendant denies all allegations which vary from the terms of the referenced documents, and denies the remaining allegations contained in paragraph 16.

17.     The documents referred to in paragraph 17 are the best evidence of their contents. Defendant denies all allegations which vary from the terms of the referenced documents, and denies the remaining allegations contained in paragraph 17.

   B. <u>Golden Gate provided goods to Allios, but Allios failed to pay hundreds of invoices and now owes Golden Gate over $1.2 million</u>.

18. The documents referred to in paragraph 18 are the best evidence of their contents. Defendant denies all allegations which vary from the terms of the referenced documents, and denies the remaining allegations contained in paragraph 18.

19. Defendant denies the allegations in paragraph 19 of the Complaint, as written.

20. Defendant lacks information to admit or deny some of the allegations contained in paragraph 20 of the Complaint, therefore the allegations are denied.

21. Defendant lacks information to admit or deny some of the allegations contained in paragraph 21 of the Complaint, therefore the allegations are denied.

22. The documents referred to in paragraph 22 are the best evidence of their contents. Defendant denies all allegations which vary from the terms of the referenced documents, and denies the remaining allegations contained in paragraph 22.

23. Defendant lacks information to admit or deny some of the allegations contained in paragraph 23 of the Complaint, therefore the allegations are denied.

24. The documents referred to in paragraph 24 are the best evidence of their contents. Defendant denies all allegations which vary from the terms of the referenced documents, and denies the remaining allegations contained in paragraph 24.

25. Defendant lacks information to admit or deny some of the allegations contained in paragraph 25 of the Complaint, therefore the allegations are denied.

**V.**
**<u>CAUSES OF ACTION</u>**

   A. <u>Count I: Breach of Contract</u>

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. The documents referred to in paragraph 27 are the best evidence of their contents. Defendant denies all allegations which vary from the terms of the referenced documents, and denies the remaining allegations contained in paragraph 27.

28. Defendant responds that the documents referenced in paragraph 28 of the Complaint is the best evidence for the information contained therein. Furthermore, the allegations in paragraph 28 of the Complaint calls for a legal conclusion and, as such, Defendant denies the remaining allegations set forth in paragraph 28 of the Complaint.

29. Defendant responds that the documents referenced in paragraph 29 of the Complaint is the best evidence for the information contained therein. Furthermore, the allegations in paragraph 29 of the Complaint calls for a legal conclusion and, as such, Defendant denies the remaining allegations set forth in paragraph 29 of the Complaint.

30. Defendant responds that the exhibit referenced in paragraph 30 of the Complaint is the best evidence for the information contained therein. Furthermore, the allegations in paragraph 30 of the Complaint calls for a legal conclusion and, as such, Defendant denies the remaining allegations set forth in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint calls for a legal conclusion and, as such, Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint calls for a legal conclusion and, as such, Defendant denies the allegations set forth in paragraph 32 of the Complaint.

B. Count II: Quantum Meruit

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34. Defendant responds that the exhibit referenced in paragraph 34 of the Complaint is the best evidence for the information contained therein. Furthermore, the allegations in

paragraph 34 of the Complaint calls for a legal conclusion and, as such, Defendant denies the remaining allegations set forth in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint calls for a legal conclusion and, as such, Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant responds that the documents referenced in paragraph 36 of the Complaint is the best evidence for the information contained therein. Furthermore, the allegations in paragraph 36 of the Complaint calls for a legal conclusion and, as such, Defendant denies the remaining allegations set forth in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint calls for a legal conclusion and, as such, Defendant denies the allegations set forth in paragraph 37 of the Complaint.

C. Count III: Unjust Enrichment

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant admits that it requested certain materials as alleged in paragraph 39. Defendant denies any and all remaining allegations contained in paragraph 39.

40. Paragraph 40 of the Complaint calls for a legal conclusion and, as such, Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint calls for a legal conclusion and, as such, Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint calls for a legal conclusion and, as such, Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint calls for a legal conclusion and, as such, Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint calls for a legal conclusion and, as such, Defendant denies the allegations set forth in paragraph 46 of the Complaint.

## VI.
## ATTORNEY'S FEES

47. Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48. Defendant lacks information to admit or deny some of the allegations contained in paragraph 48 of the Complaint, therefore the allegations are denied.

## VII.
## JURY DEMAND

49. Paragraph 49 of the Complaint is a jury demand and thus does not require a response from Defendant. To the extent a response is required to any allegations, paragraph 49 of the Complaint is denied.

## VIII.
## PRAYER FOR RELIEF

Defendant denies the allegations and relief sought in the unnumbered Prayer section, and subparagraphs numbered 1 through 6, of the Complaint.

## AFFIRMATIVE DEFENSES

And now, setting forth its affirmative defenses, Defendant states:

1. Some or all of Plaintiff's claims are barred by failure of consideration.

2. Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or unclean hands.

3. Some or all of Plaintiffs' claims are barred by the statute of frauds.

4. Plaintiffs have failed to mitigate their damages.

     5.      Plaintiffs are not entitled to recovery of attorneys' fees.

     6.      Defendant reserves the right to supplement additional defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allios, Inc., respectfully requests that Plaintiff herein take nothing whatsoever by way of this lawsuit against it, that any and all claims asserted by Plaintiff herein be dismissed, and that Defendant be permitted to go hence and recover its costs in its behalf expended, and for such other and further relief, general and specific, legal, and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**CLARK HILL PLC**

*By: /s/ Frank J. Catalano*
**FRANK J. CATALANO**
State Bar No. 24052991
fcatalano@clarkhill.com
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034
(469) 287-3900
(469) 287-3999 Fax

**ATTORNEYS FOR DEFENDANT ALLIOS, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January, 2023, a true and correct copy of the foregoing document was electronically filed in accordance with the Court's CM/ECF system. The CM/ECF system sent a "Notice of Electronic Filing" and served a copy of the foregoing document to the following counsel of record:

*/s/ Frank J. Catalano*
**FRANK J. CATALANO**